## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| D.E.W. PLUMBING INCORPORATED, a Georgia corporation; and DEREK WARE, individually and in his capacity as a Trustee of the D.E.W. PLUMBING DEFINED CONTRIBUTION PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>DOMESTIC MORTGAGE, INC., a Georgia corporation; FISHMAN & COMPANY, P.C., a Georgia professional corporation; and R. PETER FISHMAN, individually,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:10-cv-02593-TWT |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION TO COMPEL DISCOVERY RESPONSES

Plaintiffs have moved this Court, pursuant to Federal Rule of Civil

Procedure 37(a), for an order compelling Defendants to respond fully and timely to

their first interrogatories and requests for the production of documents and file this

Brief in support of their motion.

Plaintiffs are seeking documents related to Fishman's control of Defendant

Domestic Mortgage, and his improper and unauthorized transfer of money from

D.E.W. Plumbing Defined Contribution Plan into Domestic Mortgage, his

negligent and/or intentional misrepresentations to fraudulently obtain money from

D.E.W. Plumbing to invest into Domestic Mortgage and his improper transfer of

investor money out of Domestic Mortgage to avoid repaying the substantial sums

of money he took from Plaintiffs and other investors and to determine whether

Fishman, his family or any other entity he owned or controlled unjustly benefited

from these transfers.  Plaintiffs also seek documents related to the professional

accounting services provided by Fishman and by Fishman & Company, an

accounting firm owned and/or controlled by him, and whether Fishman failed to

meet applicable accounting standards, at least in part, to conceal his actions and to

maintain his control over the assets of the Plan and to delay D.E.W. Plumbing

Company and Ware from taking any action to recover the money.

Contemporaneous with Plaintiffs' Motion to Compel Discovery Responses,

Plaintiffs also file their Response to Defendants' Motion to Quash Subpoena and

Motion for Protective Order in which Plaintiffs show that the subpoena for

documents served on a third party, Siegel & Golder, P.C., seeks information that is

relevant to this case and, because of Defendants' own failure to respond fully or

timely to Plaintiffs' document requests, may realistically only be available from

third parties without incurring undue burden and further delay.  As set forth more

fully in Plaintiffs' response, Defendants' motion to quash should be denied because their objections are improper and their argument relies on case law that does not apply in this instance. Plaintiffs therefore also seek an order denying Defendants' Motion to Quash and Motion for Protective Order so that Siegel & Golder, P.C. can make responsive documents available to Plaintiffs.[1]

I.    **Background Regarding this Motion**

On December 27, 2010, Plaintiffs served interrogatories, document requests, requests to admit and deposition notices on Defendants Fishman and Domestic Mortgage. The depositions were scheduled for February 23, 2011 so as to allow sufficient time for Plaintiffs to review Defendants' responses and the documents that were to be produced. Defendants requested, and Plaintiffs agreed, to extend the time for Defendants to respond, but did not reschedule the depositions so as not to delay the overall progress of discovery. Defendants subsequently provided written responses and objections to the document requests, but did not produce any documents at that time; instead either objecting to the entire request or stating in their written response that they will produce responsive documents.

---

[1] Siegel and Golder, P.C. did not seek a protective order and has agreed to produce responsive documents. See Newcomer Letter to Mark Golder, dated May 31, 2011 (a true and correct copy of which is attached and incorporated herein as Exhibit 1).

Defendants' failed to produce any documents before the scheduled

depositions on February 23, 2011.  As a result, Plaintiffs were forced to postpone

the 30(b)(6) depositions of Domestic Mortgage and Fishman & Company.  See

Newcomer Letter, dated February 21, 2011, to Mr. Levine (a true and correct copy

of which is attached and incorporated herein as Exhibit 2).  Plaintiffs agreed to

proceed with a deposition of Fishman on that date even in the absence of the

document production in an effort to maintain even the modest progress in

discovery at that time.  During his deposition, Fishman admitted that various

Domestic Mortgage and Fishman & Company documents were available in the

Fishman & Company offices.  Plaintiff's attorney was allowed to inspect the

documents the following week and to make arrangements for the documents to be

copied by a third party vendor.

Due to the additional time required to copy and deliver the documents, the

disorganized nature of the documents and Defendants' failure to designate which

documents were responsive to which requests, a considerable amount of time was

required to organize and review the documents and to determine that the overall

production did not constitute an adequate response to the document requests.  In a

good faith effort to resolve any dispute over discovery, Plaintiffs subsequently

notified Defendants of their failure to adequately respond to many of the document

requests and responded in detail to Defendants' written objections. See Newcomer

Letter, dated May 3, 2011, to Mr. Levine (a true and correct copy of which is

attached and incorporated herein as Exhibit 3).  Defendants have still not yet

produced any additional documents or withdrawn or modified any of their

objections or responded in any other way to Plaintiffs' good faith effort.

## II.    Relevant Facts of the Case

Plaintiffs' claims arise from Defendants Fishman and Domestic Mortgage's

refusal to repay approximately $345,000 in principal and additional unpaid accrued

interest and late charges owed to D.E.W. Plumbing and to D.E.W. Plumbing

Defined Contribution Plan (the "**Plan**"), including $45,000 improperly transferred

to Domestic Mortgage by Fishman from the assets of the Plan while Fishman was

acting as a Plan Trustee and sole Plan Administrator, and Fishman's failure to meet

the standard of care of a certified public accountant and his other breaches of his

fiduciary duties owed to Ware, D.E.W. Plumbing and/or the Plan.

Derek Ware is the President and Chief Executive Officer of D.E.W.

Plumbing.  R. Peter Fishman is a certified public accountant and the principal

owner and CEO of Fishman & Company, P.C., a tax preparation and accounting

firm, and a shareholder and sole officer of Domestic Mortgage, Inc.  In 1998,

Fishman helped D.E.W. Plumbing establish the Plan, which qualifies as an

employee welfare benefit plan under Employee Retirement Income Security Act of 1974, with Fishman serving as a Co-Trustee and the sole Plan Administrator with full check writing authority and control over the management and investment of Plan assets.  Fishman, in his capacity as a certified public accountant, and Fishman & Company also provided accounting, audit and/or tax related advice and services to the Plan, D.E.W. Plumbing and to Ware.

In February 2001, Fishman used his check writing authority to transfer $45,000 from the Plan to Domestic Mortgage and, either individually and/or through Fishman & Company, subsequently prepared, signed and filed false and misleading financial statements and other documents on behalf of the Plan that helped to conceal and/or misrepresent the true nature of this transfer of assets from the Plan.  Fishman also failed to invest an adequate portion of Plan assets in cash or to properly diversify Plan assets and thereby exposed the Plan unnecessarily to excessive risk that ultimately caused the Plan to lose substantial value.

In reliance on Fishman's advice, D.E.W. Plumbing agreed to loan $150,000 to Fishman and Domestic Mortgage under two separate promissory notes in April and May of 2001.  In reliance on Fishman's advice and his representation that the money would be repaid within several months, D.E.W. Plumbing agreed to loan another $150,000 to Fishman and Domestic Mortgage under two additional

promissory notes in July and August of 2002. Had Fishman disclosed to Ware the truth about the cash flow problems and rapidly deteriorating financial condition of Domestic Mortgage and that Fishman would not likely be able to repay the money within a few months, Ware would not have agreed to loan the D.E.W. Plumbing money to Fishman. The four notes were all prepared by Fishman, and there was no collateral provided to secure repayment of the loan proceeds.

Fishman, individually and/or through Fishman & Company, subsequently prepared, signed and filed false and misleading financial statements and other documents on behalf of D.E.W. Plumbing that served to help conceal and/or misrepresent the true nature of these asset transfers. Fishman, in full and complete control of Domestic Mortgage, recklessly invested Plaintiffs' money and failed to inform Plaintiffs that their money was at substantial risk. Fishman improperly used Plaintiffs' money to pay monthly interest payments or other loan payments owed to other investors so as to avoid any immediate defaults on the outstanding loans to other investors and systematically stripped Domestic Mortgage of its remaining assets by arranging numerous and substantial payments from Domestic Mortgage to himself, his family and to various entities that he also owned and/or controlled even while continuing to tell Ware that he should trust him and that Ware would get his money back if he would just be patient and wait a little longer.

By letter, dated January 16, 2009, Fishman and Domestic Mortgage re-affirmed the principal debt owed to D.E.W. Plumbing and the $45,000 owed to the Plan and stated they still intended and were trying to repay the amounts owed.

## III.   Argument and Citation of Authority

Federal Rule of Civil Procedure 37(a) permits a party to apply for an order compelling a discovery response if another party fails to respond or provides an evasive or incomplete response and the moving party may also be entitled to recover its reasonable expenses, including attorney's fees, incurred in making the motion.  A party is entitled to discover any non-privileged matter that is relevant to its claims or defenses or to the subject matter of the pending action.  The standard for relevance is not whether the information is admissible, but rather interpreted liberally so as to permit discovery if it "appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. Rule of Civil Proc. 26(b)(1).

### A.   Defendant Fishman & Company, P.C.'s Response to Plaintiff D.E.W. Plumbing Incorporated's First Interrogatories

<u>Interrogatory No. 3</u>:  This interrogatory asks Defendant to identify all lawsuits in which it was a party between January 1, 2000 and continuing to the present.

Defendant identified two lawsuits and stated that there was "one other case" and that its response would be supplemented when the information it was seeking to locate was obtained.  To date, Defendant has not supplemented its response.

Defendant should be required to supplement its response in a timely manner.

Interrogatory No. 4:  This interrogatory asks Defendant to identify all "directors, officers and other employees" that served or were employed by [Fishman & Company] during the relevant time period with respect to this litigation.

Defendant identified only "R. Peter Fishman" and was incomplete and misleading when made because it does not state whether Fishman was a director, officer and/or employee and Fishman subsequently identified during his deposition at least two other persons – Steve Worsham and Royce White – that were not only employed by Defendant, but who also provided professional accounting services to Plaintiffs.  Fishman Depo., p. 35 at lines 18 – 20; p. 36, at line 22 – p. 37 at line 8.

Defendant should be required to identify, which is defined by Plaintiffs to include stating the "name, age, business and personal residence address and telephone numbers," all directors, officers and employees during the relevant time period, which was defined by agreement of counsel to be January 1, 2000 to the present.

**B. Defendant Domestic Mortgage, Inc.'s Response to Plaintiff D.E.W. Plumbing Incorporated's First Interrogatories**

<u>Interrogatory No. 1</u>: This Interrogatory asks Defendant to identify each payment it "made to D.E.W. Plumbing between January 2001 and continuing to the present."

Defendant did not identify any payments, but rather stated that a "copy of each check will be produced." To date, Defendant has not identified any payments or produced copies of any checks, check registers or any other document reflecting such payments.

Defendant, for all practical purposes, failed to respond and should be required to respond fully and timely to this interrogatory.

<u>Interrogatory No. 2</u>: This Interrogatory asks Defendant to identify each payment it "made to D.E.W. Plumbing Defined Contribution Plan between January 2001 and continuing to the present."

Defendant did not identify any payments, but rather stated that a "copy of each check will be produced." To date, Defendant has not identified any payments or produced copies of any checks, check registers or any other document reflecting such payments.

Defendant, for all practical purposes, failed to respond and should be required to respond fully and timely to this interrogatory.

Interrogatory No. 3: This Interrogatory asks Defendant to identify the "unpaid principal, interest and late charges" as of the date of its response that it owes to D.E.W. Plumbing under the Promissory Note for $60,000, dated April 16, 2001 and described in Paragraph 29 of Plaintiffs' Complaint.

Defendant responded only that "no payment of principal" has been made and that the information requested "can be determined from the Promissory Note."

While Defendant's admission that it has not made any payment of principal permits Plaintiffs to calculate the full amount of unpaid and past due principal, Defendant's failure to identify payments it may claim to have made to D.E.W. Plumbing in response to Interrogatory No. 1 does not allow Plaintiffs to determine the total amount of unpaid and past due principal, interest and late charges as requested in this Interrogatory. Defendant's response is inadequate, incorrect and misleading, and taken together with its failure to identify payments made to D.E.W. Plumbing indicates a deliberate effort to conceal this information from discovery. Defendant should therefore be required to respond fully and timely to this Interrogatory.

Interrogatory No. 4: This Interrogatory asks Defendant to identify the "unpaid principal, interest and late charges" as of the date of its response that it owes to

D.E.W. Plumbing under the Promissory Note for $90,000, dated May 15, 2001 and described in Paragraph 33 of Plaintiffs' Complaint.

Defendant responded only that "no payment of principal" has been made and that the information requested "can be determined from the Promissory Note."

While Defendant's admission that it has not made any payment of principal permits Plaintiffs to calculate the full amount of unpaid and past due principal, Defendant's failure to identify payments it claims to have made to D.E.W. Plumbing in response to Interrogatory No. 1 does not allow Plaintiffs to determine the total amount of unpaid and past due principal, interest and late charges as requested in this Interrogatory. Defendant's response is inadequate, incorrect and misleading, and taken together with its failure to identify payments made to D.E.W. Plumbing indicates a deliberate effort to conceal this information from discovery. Defendant should therefore be required to respond fully and timely to this Interrogatory.

Interrogatory No. 5: This Interrogatory asks Defendant to identify the "unpaid principal, interest and late charges" as of the date of its response that it owes to D.E.W. Plumbing under the Promissory Note for $75,000, dated July 18, 2002 and described in Paragraph 40 of Plaintiffs' Complaint.

Defendant responded only that "no payment of principal" has been made and that the information requested "can be determined from the Promissory Note."

While Defendant's admission that it has not made any payment of principal permits Plaintiffs to calculate the full amount of unpaid and past due principal, Defendant's failure to identify payments it claims to have made to D.E.W. Plumbing in response to Interrogatory No. 1 does not allow Plaintiffs to determine the total amount of unpaid and past due principal, interest and late charges as requested in this Interrogatory. Defendant's response is inadequate, incorrect and misleading, and taken together with its failure to identify payments made to D.E.W. Plumbing indicates a deliberate effort to conceal this information from discovery. Defendant should therefore be required to respond fully and timely to this Interrogatory.

Interrogatory No. 6: This Interrogatory asks Defendant to identify the "unpaid principal, interest and late charges" as of the date of its response that it owes to D.E.W. Plumbing under the Promissory Note for $75,000, dated August 5, 2002 and described in Paragraph 46 of Plaintiffs' Complaint.

Defendant responded only that "no payment of principal" has been made and that the information requested "can be determined from the Promissory Note."

While Defendant's admission that it has not made any payment of principal permits Plaintiffs to calculate the full amount of unpaid and past due principal, Defendant's failure to identify payments it claims to have made to D.E.W. Plumbing in response to Interrogatory No. 1 does not allow Plaintiffs to determine the total amount of unpaid and past due principal, <u>interest and late charges</u> as requested in this Interrogatory.  Defendant's response is inadequate, incorrect and misleading, and taken together with its failure to identify payments made to D.E.W. Plumbing indicates a deliberate effort to conceal this information from discovery.  Defendant should therefore be required to respond fully and timely to this Interrogatory.

<u>Interrogatory No. 7</u>: This Interrogatory asks Defendant to identify the "unpaid principal, interest and late charges" as of the date of its response that it owes to D.E.W. Plumbing Defined Contribution Plan as a result of the transfer to $45,000 from the D.E.W. Plumbing Defined Contribution Plan in February 2001.

Defendant responded only that "no payment of principal" has been made and that the information requested "can be determined from the Promissory Note."

While Defendant's admission that it has not made any payment of principal permits Plaintiffs to calculate the full amount of unpaid and past due principal, Defendant's failure to identify payments it claims to have made to D.E.W.

Plumbing Defined Contribution Plan in response to Interrogatory No. 2 does not

allow Plaintiffs to determine the total amount of unpaid and past due principal,

interest and late charges as requested in this Interrogatory.  Defendant's response is

inadequate, incorrect and misleading, and taken together with its failure to identify

payments made to D.E.W. Plumbing Defined Contribution Plan indicates a

deliberate effort to conceal this information from discovery.  Defendant should

therefore be required to respond fully and timely to this Interrogatory.

Interrogatory No. 8: This Interrogatory asks Defendant to identify all payments or

other benefits it provided to Fishman beginning on January 1, 2000 and continuing

to the present.

Defendant response was "[N]one" and based on the few documents made

available by Defendants it appears to have been false and misleading when made.

For example, Fishman signed Domestic Mortgage checks made payable to himself

in the amount of $56,000.00 and $8,500.00 on or about May 31, 2001 and

December 17, 2001 respectively and signed another Domestic Mortgage check,

dated June 1, 2001, for $117,800.00 that was made payable to "Domestic

Mortgage."  See Exhibit 4.  Defendant's own financial statements indicate that

Fishman received a distribution from Defendant of $5,087.39 and an "advance" of

$36,359.61 for the 2002 tax year and Defendant made additional substantial

payments to entities owned and/or controlled by Fishman, including Fishman

Fishbowl, L.P. and F & F Leasing, Inc. See Exhibit 5.

Defendant's one word response denying that any payments were made to

Fishman was false when made and suggests a deliberate effort to conceal relevant

information from discovery. Defendant should therefore be required to respond

fully and timely to this Interrogatory.

Interrogatories Nos. 9, 12 and 13: These Interrogatories ask Defendant to identify

its assets with a fair market value of $1,000 (Interrogatory No. 9), accounts,

including bank, investment, brokerage and other accounts (Interrogatory No. 12)

and the balance of each of those accounts on specific dates (Interrogatory No. 13).

Defendant objected to each of these interrogatories on the grounds that the

information sought is not relevant and did not provide any substantive or further

response. As set forth below, Defendant's objection has no merit. Plaintiffs

allege, among other things, that Fishman advised Mr. Ware that "it would be a

good investment for D.E.W. Plumbing to loan and/or invest money in Domestic

Mortgage, Inc." (Complaint, ¶ 28) and that Fishman improperly withheld

information about Domestic Mortgage's true financial condition (Complaint, ¶ 37)

and misrepresented Domestic Mortgage's ability to repay the money (Complaint,

¶¶ 39, 43 and 49). Plaintiffs also allege that Fishman used his authority and

position of trust as the Plan Administrator and Co-Trustee of the D.E.W. Plumbing

Defined Contribution Plan and the Certified Public Accountant and tax advisor for

D.E.W. Plumbing Defined Contribution Plan, D.E.W. Plumbing and Mr. Ware

personally to conceal his misappropriation of assets and to avoid repaying D.E.W.

Plumbing Defined Contribution Plan or D.E.W. Plumbing (Complaint, ¶ 52) and

that Fishman and Domestic Mortgage affirmed that the principal debts are still

owed as recently as January 2009 (Complaint, ¶ 53).  Plaintiffs further allege that

the relationship between Fishman and Domestic Mortgage was a sham that was

used by him to perpetuate a fraud on Plaintiffs (Complaint, ¶¶ 92 and 95).  Based

on these and other allegations, Plaintiffs' brought claims against Defendants

Fishman and Domestic Mortgage including breach of contract, negligent and/or

intentional misrepresentation (fraud) and conversion, and Plaintiffs seek to hold

Fishman personally liable both for his own actions and under a piercing the

corporate veil theory.  Given these allegations and claims, Plaintiffs' are entitled to

discover the identity of material assets (those valued at $1,000 or more) and

accounts held by Defendant during the relevant time period.

Defendant should therefore be required to fully and timely respond to this

Interrogatory.

<u>Interrogatory No. 16</u>: This Interrogatory asks Defendant to identify all foreclosure actions in which it has been a party between January 1, 2000 and continuing to the present.

Defendant acknowledged the existence of such foreclosure actions and stated that "[d]ocumentation [of these actions] is being sought" and that, "[u]pon receipt, such information will be used to supplement this response." To date, however, Defendants have not identified any such foreclosure actions or produced documents or provided any further response to this Interrogatory.

Defendant should therefore be required to fully and timely respond to this Interrogatory.

**C.      Defendant Fishman & Company, P.C.'s Response to Plaintiff D.E.W. Plumbing Incorporated's First Request for Production of Documents**

In response to Requests Nos. 1 and 5, Defendant objected to the extent the request sought documents subject to the attorney-client privilege and work product doctrine. Defendant did not, however, identify in its responses or in a privilege log any documents it intended to withhold that it claimed was subject to a privilege. Defendant should be required to produce a privilege log identifying all responsive documents that will not be produced because they are subject to a privilege (as

required in Plaintiff's General Instructions).  If Defendant is not withholding any documents based on a privilege, Defendant should be required to amend its response to remove its specific objection.

Request No. 1: This request seeks documents that relate to the professional accounting, audit and/or tax related advice and services Defendant provided to D.E.W. Plumbing Defined Contribution Plan or D.E.W. Plumbing between January 1, 2000 and continuing to the present.

Defendant objected to this request to the extent it was vague, overbroad or exceeded the scope of permissible discovery and then stated that it would produce non-privileged responsive documents.  Plaintiffs allege a variety of facts related to the professional accounting, audit and/or tax related advice and services Defendant provided to D.E.W. Plumbing Defined Contribution Plan and to D.E.W. Plumbing and Plaintiffs' claims specifically include professional malpractice.  Plaintiffs asked that Defendant clarify the basis of its specific objection or amend its response to remove the specific objections and produce responsive documents, but Defendants have failed to respond to Plaintiffs' request.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to this request.

Request No. 2: This request seeks documents relating to the ownership or investment interests that were identified in response to Interrogatory No. 2.

Defendant's response stated that responsive documents will be produced. To date, however, Defendant has not produced any responsive documents.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to this request.

Request No. 3: This request seeks documents related to any lawsuits Defendant identified in response to Interrogatory No. 3.

Defendant's response stated falsely that no lawsuits were identified and no responsive documents existed even though Defendant, in response to Interrogatory No. 3, identified two lawsuits and stated it was seeking information regarding another case and would supplement its response when it obtained the information.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to this request.

**D.     Defendant Domestic Mortgage, Inc.'s Response to Plaintiff D.E.W. Plumbing Incorporated's First Request for Production of Documents**

In response to Request Nos. 4, 7, 8 and 11, Defendant objected to the extent the request sought documents subject to the attorney-client privilege and work

product doctrine.  Defendant did not, however, identify in its responses or in a privilege log any documents it intended to withhold that it claimed was subject to a privilege.  Defendant should be required to produce a privilege log identifying all responsive documents that will not be produced because they are subject to a privilege (as required in Plaintiff's General Instructions).  If Defendant is not withholding any documents based on a privilege, Defendant should be required to amend its response to remove its specific objection.

Request No. 1: This request seeks documents relating to payments Defendant made to D.E.W. Plumbing that were, or that should have been, identified in response to Interrogatory No. 1 to this Defendant.

Defendant's response to this request stated that responsive documents will be produced.  Defendant did not identify any payments in response to Interrogatory No. 1, but rather stated only that a "copy of each check will be produced."  As stated more fully above regarding Defendant's inadequate response to Interrogatory 1, Defendant have not produced a copy of any checks or other documents reflecting payments it may have made to D.E.W. Plumbing Inc.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to this request.

Request No. 2: This request seeks documents relating to payments Defendant made to D.E.W. Plumbing Defined Contribution Plan that were, or that should have been, identified in response to Interrogatory No. 2 to this Defendant.

Defendant's response to this request stated that responsive documents will be produced. Defendant did not identify any payments in response to Interrogatory No. 1, but rather stated only that a "copy of each check will be produced." As stated more fully above regarding Defendant's inadequate response to Interrogatory 1, Defendant have not produced a copy of any checks or other documents reflecting payments it may have made to D.E.W. Plumbing Inc. Defined Contribution Plan.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to this request.

Request No. 3: This request seeks documents relating to payments Defendant made to Fishman that were or that should have been identified in response to Interrogatory No. 8 to this Defendant.

Defendant's response to this request stated that responsive documents will be produced. Defendant's response to Interrogatory No. 8, however, stated it did not make any payments or provide other benefits to Fishman. As noted more fully above in Plaintiffs' comments to Defendant's inadequate response to Interrogatory

No. 8, Defendant's response to the interrogatory appears to have been false and misleading when made and its response inadequate to this request.

Defendant should therefore be required to produce copies of such checks and all other documents within its possession or reasonably within its control that are responsive to this Request.

Request Nos. 4 and 5: These Requests seek financial statements, annual tax returns and other documents that relate to Defendant's financial activities or condition, including bank and other account statements, deposit slips, cancelled checks or check registers (Request No. 4) and assets held (Request No. 5), during the period beginning on January 1, 2000 and continuing to the present that were or that should have been identified in response to Interrogatory Nos. 12 or 9 respectively to this Defendant .

Defendant objected to both Request (and to Interrogatory Nos. 12 and 9) on the grounds that the information sought is not relevant to this case and exceeds the scope of permissible discovery.  As noted more fully above in Plaintiffs' comments to Defendant's inadequate responses to Interrogatory Nos. 12 and 9, Defendant's response to both of these Requests is without merit.

Defendant should therefore be required to produce all documents within its possession or reasonably within its control that are responsive to these Requests.

Request No. 6: This request seeks documents reflecting the ownership or investment interests in Defendant identified in response to Interrogatory No. 6 to this Defendant.

Defendant's response to this Request stated that responsive documents will be produced. To date, however, Defendant has only made available certain tax documents related to shareholder interests, but has failed to produce any corporate records, including documents contained in even the most elementary corporate record book (e.g., stock certificates, stock transfer ledger, shareholder agreements, etc.) despite Fishman's deposition testimony that a corporate record book was maintained. Fishman Depo., pgs. 73-77.

Defendant should be required to produce all documents within its possession or reasonably within its control that are responsive to this Request.

Request No. 7: This Request seeks documents related to the lawsuits identified in response to Interrogatory No. 14 to this Defendant.

Defendant specifically objected to this Request on the grounds that the information sought is not relevant and exceeds the scope of permissible discovery. To the extent Defendant's objection is based on a privilege, it may withhold those documents and identify them on a privilege log (which it has not done). As stated more fully in Plaintiffs' Response to Defendants' Motion to Quash and Motion for

Protective Order, filed contemporaneously herewith, the information sought related to the Clayton Radiology case is relevant to this case because the underlying facts and allegations and claims against the same two defendants (Fishman and Domestic Mortgage) are virtually identical. Based on information and belief, the other two cases also involve similarly situated plaintiffs and virtually identical underlying allegations and facts and uniformity of claims. Defendant's objection to this Request based on relevance is therefore without merit. Nevertheless, Plaintiffs are willing to limit the scope of this Request to only those non-privileged documents produced previously by Defendant in those matters, all discovery served on Defendant and Defendant's responses thereto and all transcripts of any deposition of Defendant and/or its officers and directors.

Defendant should therefore be required to produce all non-privileged documents within its possession or reasonably within its control that are responsive to this Request as amended. If Defendant intends to withhold any documents based on a privilege, it should also be required to identify those documents on a privilege log.

Request No. 8: This Request seeks documents contained in Defendant's corporate minute or record book, including articles, bylaws and shareholder agreements; stock subscription agreements and transfer ledgers; notices, agendas, minutes

and/or written resolutions of each meeting of the Board of Directors or shareholders (or written consents in lieu of a meeting).

Defendant specifically objected to this Request based on a virtual laundry list of grounds, including that it is "overbroad, vague and burdensome" and "exceeds the scope of permissible discovery" and seeks information that is not relevant.  Plaintiffs' request for documents filed in the corporate minute or record book is neither overbroad, vague or burdensome and, given Plaintiffs' allegations and claims against Domestic Mortgage and Fishman, who is a shareholder, director and the sole officer of Domestic Mortgage, is clearly within the scope of permissible discovery.  Defendant's objection therefore has no merit.

Defendant should therefore be required to produce all non-privileged documents within its possession or reasonably within its control that are responsive to this Request.  If Defendant intends to withhold any documents based on a privilege, it should also be required to identify those documents on a privilege log.

Request No. 9: This Request seeks documents related to foreclosure actions that were or that should have been identified in response to Interrogatory No. 16 to this Defendant.

Defendant's response to this request states "NA" and no documents were identified or produced.  Defendant's response is incomplete and inadequate.  In its

response to Interrogatory No. 16, Defendant referred to foreclosures actions and stated that "documentation was being sought and, upon receipt, will be used to supplement the response." To date, however, Defendant has not supplemented its response to Interrogatory No. 16.

Defendant should therefore be required to produce all non-privileged documents within its possession or reasonably within its control that are responsive to this Request.

Request No. 11: This request seeks documents, including oral, written or electronic correspondence, related to D.E.W. Plumbing Incorporated, D.E.W. Plumbing Defined Contribution Plan or to Mr. Ware that have not already been produced in response to a previous request.

Defendant specifically objected to this Request based on the grounds that it is "overbroad, vague and burdensome" and "exceeds the scope of permissible discovery." It is difficult to imagine, for example, that correspondence or other communication, for example, between Defendant and Plaintiffs would exceed the scope of permissible discovery because Plaintiffs' only connection to Defendant involves Fishman's investment of money taken from D.E.W. Plumbing and D.E.W. Plumbing Defined Contribution Plan into Defendant and his subsequent failure to pay interest as promised or to repay the past due principal, interest and

late charges.  Nevertheless, Plaintiffs are willing to amend the scope of this Request to include "correspondence, notes or other documents related to the subject matter of this lawsuit that has not or will not be produced in response to a previous request."

Defendant should therefore be required to produce all non-privileged documents within its possession or reasonably within its control that are responsive to this Request as amended.  If Defendant intends to withhold any documents based on a privilege, it should also be required to identify those documents on a privilege log.

### E.      Defendant R. Peter Fishman's Response to Plaintiff Derek Ware's First Request for Production of Documents

In response to Request Nos. 1, 2 and 4, Defendant objected to the extent the request sought documents subject to the attorney-client privilege and work product doctrine.  Defendant did not, however, identify in its responses or in a privilege log any documents it intended to withhold that it claimed was subject to a privilege. Defendant should be required to produce a privilege log identifying all responsive documents that will not be produced because they are subject to a privilege (as required in Plaintiff's General Instructions).  If Defendant is not withholding any

documents based on a privilege, Defendant should be required to amend its response to remove its specific objection.

Request No. 1: This request seeks documents related to the D.E.W. Plumbing Defined Contribution Plan, including those related to the following:

    (a)    Research regarding potential investments, authorization to buy, sell or other instructions regarding each investment made and all records of each such investment;

    (b)    Bank, brokerage, investment or other account statements and cancelled checks;

    (c)    Contributions to and disbursements;

    (d)    Financial statements and schedules;

    (e)    Tax returns and schedules;

    (f)    Audit reports and notes;

    (g)    Correspondence to or from Derek Ware, Stephen Stanna or other employee or representative of Paine Webber or UBS Financial Services;

    (h)    Diary or calendar entries and notes; and

    (i)    Other documents not already produced that relate to the Plan

Defendant did not object to this Request, but to date has made available only certain financial statements, tax returns (all of which were prepared by Fishman & Company for the Plan) and Paine Webber/UBS account statements all of which relate to the Plan only through 2005. Defendant has failed to produce other documents, including those related to research or inquiries regarding potential investments or instructions regarding each investment, cancelled checks (or check register), correspondence or communication with Stephen Stanna or any other employee or representative of Paine Webber or UBS Financial Services and any diary or calendar entries or notes and failed to produce any documents of any kind related to the Plan after 2005.

Defendant should therefore be required to produce all non-privileged documents within his possession or reasonably within his control that are responsive to this Request. If Defendant intends to withhold any documents based on a privilege, it should also be required to identify those documents on a privilege log.

Request No. 2: This request seeks documents related to any lawsuits in which Defendant has been a party between 2001 and the present.

Defendant specifically objected to this Request based on a virtual laundry list of grounds, including that the information sought is not relevant and exceeds

the scope of permissible discovery.  Defendant Domestic Mortgage, however,

identified three lawsuits in response to Interrogatory No. 14 (of Plaintiff D.E.W.

Plumbing Incorporated's First Interrogatories to Defendant Domestic Mortgage,

Inc.) all of which named Defendant as a co-defendant.  Moreover, Defendant was

identified as the only individual responsible for the content of the responses

provided by Defendant Domestic Mortgage (see response to Interrogatory No. 21

(of Plaintiff D.E.W. Plumbing Incorporated's First Interrogatories to Defendant

Domestic Mortgage, Inc.)).  To the extent Defendant's objection is based on a

privilege, he may withhold those documents and identify them on a privilege log

(which he has not done).  As stated more fully in Plaintiffs' Response to

Defendants' Motion to Quash and Motion for Protective Order, filed

contemporaneously herewith, the information sought related to the Clayton

Radiology case is relevant to this case because the underlying facts and allegations

and claims against the same two defendants (Fishman and Domestic Mortgage) are

virtually identical.  Based on information and belief, the other two cases also

involve plaintiffs that were similarly situated as Plaintiffs in this case and virtually

identical underlying allegations and facts and uniformity of claims.  Defendant's

objection to this Request based on relevance is therefore without merit.

Nevertheless, Plaintiffs are willing to limit the scope of this Request to only those

non-privileged documents produced previously by Defendant in those matters, all

discovery served on Defendant and Defendant's responses thereto and all

transcripts of any deposition of Defendant and/or all officers and directors of

Domestic Mortgage or any other entity that is owned and/or controlled by

Defendant.

Defendant should therefore be required to produce all non-privileged

documents within his possession or reasonably within his control that are

responsive to this Request as amended.  If Defendant intends to withhold any

documents based on a privilege, it should also be required to identify those

documents on a privilege log.

Request No. 4: This request seeks documents, including oral, written or electronic

correspondence, notes or other documents related to D.E.W. Plumbing

Incorporated, D.E.W. Plumbing Defined Contribution Plan or Derek Ware not

already produced in response to another request.

Defendant did not object to this Request, but to date has made available a

few pieces of correspondence that were buried in Fishman & Company files

containing financial statements, tax returns and assorted workpapers virtually none

of which relate to Defendant and his actions as Plan Administrator and Trustee.

Defendant should therefore be required to produce all non-privileged documents within his possession or reasonably within his control that are responsive to this Request.

## IV.    Conclusion

Plaintiffs acted with diligence in initiating discovery and have acted in good faith to avoid any disputes with Defendants regarding discovery.  Defendants' failure and refusal to respond fully and timely to Plaintiffs' interrogatories and requests for the production of documents has frustrated Plaintiffs' good faith efforts to complete discovery in the time permitted under the Federal Rules and this Court.  In their ongoing effort to avoid responsibility, Defendants even seek to deny Plaintiffs reasonable discovery in this case by trying to prevent a third party from making documents in their possession available to Plaintiffs based on objections that are ill-defined, improper and entirely unpersuasive.

Based on the foregoing, Plaintiffs seek the following:

(A)    An order compelling Defendants to respond fully and timely to Plaintiffs' interrogatories and requests for the production of documents as set forth more fully above;

(B)    An order denying Defendants' motion to quash and for protective order;

(C)     Recovery of their reasonable expenses, including attorney's fees,

incurred in making this motion if Plaintiffs prevail in accordance with

Federal Rule of Civil Procedure 37(a)(5) and as proved in a subsequent

pleading and/or at a hearing; and

(D)     Reasonable additional time to complete discovery.


Respectfully submitted, this 31st day of May, 2011.


The Lang Legal Group, LLC          /s/ Robert C. Newcomer
1800 Century Place, Suite 570      Robert C. Newcomer
Atlanta, Georgia 30345             Georgia Bar No. 541159
Phone: 404-320-0990
Facsimile: 404-320-0908            Attorney for Plaintiffs
rnewcomer@langlegal.com


## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1 (D)

Counsel for Plaintiffs certifies that this Brief has been prepared with one of the

font and point selections approved by the Court in L.R. 5.1B.

                                   /s/ Robert C. Newcomer
                                   Robert C. Newcomer
                                   Georgia Bar No. 541159

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| D.E.W. PLUMBING INCORPORATED, a Georgia corporation; and DEREK WARE, individually and in his capacity as a Trustee of the D.E.W. PLUMBING DEFINED CONTRIBUTION PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> DOMESTIC MORTGAGE, INC., a Georgia corporation; FISHMAN & COMPANY, P.C., a Georgia professional corporation; and R. PETER FISHMAN, individually, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION<br>)  FILE NO. 1:10-cv-02593-TWT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

The undersigned counsel of record certifies that a true and correct copy of the foregoing PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

David N. Levine, Esq.
6400 Powers Ferry Road, Suite 220
Atlanta, GA  30339
dnlevine@dnllaw.com

This 31st day of May, 2011.

|  |  |
|---|---|
| The Lang Legal Group, LLC<br>1800 Century Place, Suite 570<br>Atlanta, Georgia 30345<br>Phone: 404-320-0990<br>Facsimile: 404-320-0908<br>rnewcomer@langlegal.com | /s/ Robert C. Newcomer<br>Robert C. Newcomer<br>Georgia Bar No. 541159<br><br>Attorney for Plaintiffs |