IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D.E.W. PLUMBING INCORPORATED, a Georgia Corporation, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DOMESTIC MORTGAGE, INC. a Georgia Corporation, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:10-CV-2593-TWT |

ORDER

This is an action for breach of fiduciary duty. It is before the Court on the Plaintiffs' Motion for Partial Summary Judgment against Defendant Fishman [Doc. 69]. For the reasons set forth below, the Court DENIES the Plaintiffs' Motion.

I. Background

Defendant R. Peter Fishman served as a trustee and the sole Plan Administrator of the D.E.W. Plumbing Defined Contribution Plan (the "Plan") from 1998 until his removal in late 2008. (Fishman Dep. at 77-78.) The Plan was a qualified employee retirement plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Answer ¶ 8.) Fishman was responsible for managing and investing the

Plan's assets. (Fishman Dep. at 87, 222; Pls.' Ex. 55.) Fishman was also a certified public accountant and the principal owner and officer of Defendant Fishman & Company, P.C., which provided tax and accounting advice and services to the Plan. In February 2001, Fishman loaned or transferred $45,000 of the Plan's assets to Defendant Domestic Mortgage, Inc. (the "Loan"), a company owned and controlled by Fishman and his two children. This Loan constituted a breach of the fiduciary duty that Fishman owed to the Plan.

On August 19, 2010, the Plaintiffs, D.E.W. Plumbing Incorporated and Derek Ware, filed the Complaint in this Court. On February 17, 2012, the Plaintiffs filed this Motion for Partial Summary Judgment, which seeks the Court's judgment in their favor on Count V of the Complaint. Count V alleges that Fishman breached his fiduciary duty to the Plan and requests damages. For the purposes of this Motion, Fishman does not dispute that he breached his fiduciary duty to the Plan, and only asserts that the Complaint was not filed timely.

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light

most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III. Discussion

#### A. Breach of Fiduciary Duty

ERISA prohibits "fiduciaries" from engaging in transactions between a qualified plan and a "party in interest." 29 U.S.C. § 1106(a). A fiduciary may not engage in transactions that constitute a "lending of money or other extension of credit between the plan and a party in interest," and may not "transfer to, or use by or for the benefit of a party in interest...any assets of the plan." 29 U.S.C. § 1106(a)(1)(B) and (D). Fishman engaged in a prohibited transaction as defined by ERISA; in fact, he does not even dispute this in his Response Brief.

Fishman was a fiduciary with respect to the Plan. The positions of trustee and plan administrator "by their very nature" carry fiduciary status. See 29 C.F.R. § 2509.75-8 at D-3. Fishman held both of these positions from 1998 to 2008. (Fishman Dep. 77-78; Answer ¶ 11.) Furthermore, a person is a fiduciary with respect to a

qualified plan to the extent that person "exercises any discretionary authority or discretionary control respecting management of [the] plan or exercises any authority or control respecting management or disposition of its assets" or "has discretionary authority or discretionary responsibility in the administration of [the] plan." 29 U.S.C. § 1002(21)(A). Fishman had check writing authority and exercised control and discretionary authority to manage and invest the Plan's assets. (Fishman Dep. at 87, 222; Pls.' Ex. 55.)

As a fiduciary, Fishman caused a qualified plan (the Plan) to engage in a prohibited transaction with a "party in interest" (Domestic Mortgage). A "party in interest" is a plan fiduciary or a corporation in which a fiduciary and/or its lineal descendant holds an ownership of fifty percent or more. 29 U.S.C. § 1002(14)(A), (F) and (G). Domestic Mortgage was a party in interest with respect to the Plan. Fishman was a plan fiduciary and also a shareholder, officer and director of Domestic Mortgage. (Fishman Dep. at 283-84, 298-99.) Furthermore, Fishman and his children have since about January 2001 been the only board members and owned all of the issued and outstanding stock of Domestic Mortgage. (Fishman Dep. at 46-47, 69-70.)

In February 2001, Fishman caused the Plan to engage in a prohibited transaction with Domestic Mortgage. Fishman signed, on behalf of Domestic Mortgage, a promissory note for $45,000 between the Plan, as lender, and Domestic

Mortgage, as borrower. The note was not signed by the Plan. Fishman, as a trustee of the Plan, signed a check to transfer $45,000 from the Plan's account to Domestic Mortgage. This loan or transfer was a prohibited transaction with a party in interest in violation of ERISA.

> B.   Statute of Limitations

The Defendants' sole argument against this Court granting the Plaintiffs' Motion for Partial Summary Judgment is that the Plaintiffs' claim is time barred under the ERISA statute of limitations. A plaintiff may bring an action for a breach of fiduciary duty no later than the earlier of six years after the date of the last action or omission which constituted a breach, or three years after acquiring actual knowledge of the breach, or, in the case of fraud or concealment, six years after acquiring actual knowledge of the breach. 29 U.S.C. § 1113. The statute begins to run when the plaintiff acquires actual knowledge of the breach. The defendant bears the burdens of production and persuasion on that question. Smith v. Duff & Phelps, Inc., 5 F.3d 488, 492 n.9 (11th Cir. 1993). The defendant has the burden of proof in establishing the elements of the affirmative defense of the statute of limitations. Id.; Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 974 (11th Cir. 2007).

The Court finds that Fishman took affirmative steps to conceal the prohibited transaction. Fishman concealed the Loan by reviewing, signing, and approving false

financial statements and Form 5500 tax returns prepared by his accounting firm, Fishman & Company. The 2001 Form 5500 for the Plan prepared by Fishman & Company (Fishman Dep. at 40, 238) falsely stated that the Plan had no loans to anyone other than participants (Pls.' Ex. 71, at Schedule I, Part II.3.f), and falsely stated that the Plan had not engaged in any nonexempt transactions with a party in interest. (Pls.' Ex. 71, at Schedule I, Part II.4.d.) Fishman repeated these same representations each year between 2002 and 2005 and for 2007. (Fishman Dep. at 38-40, 158-59, 257-60, 265, 267, 270-71, 274-75; Pls.' Ex. 19; Pls.' Ex. 80; Pls.' Ex. 81; Pls.' Ex. 88; Pls.' Ex. 89; Pls.' Ex. 93; Pls.' Ex. 94; Pls.' Ex. 98; Pls.' Ex. 99.)

Fishman also falsely stated through Fishman & Company that the Plan had no loans that were in default or that could be classified as uncollectible, from the 2003 tax return until the 2007 tax return. (Pls.' Ex. 88, at Schedule I, Part II.4.b.) Fishman knew this representation was false when made because Domestic Mortgage had defaulted on the Loan when it stopped paying to the Plan the monthly interest required under the promissory note in or about April 2003. The statute of limitations began to run six years after the Plaintiffs acquired actual knowledge of the breach of fiduciary duty. The Plaintiffs filed the Complaint on August 19, 2010. Therefore, in the absence of a justification for equitable tolling, or another breach of fiduciary duty in addition to the Loan in February 2001, the earliest possible date that the Plaintiffs

could have acquired actual knowledge of the breach and still not have been barred by the statute of limitations is August 19, 2004. The parties dispute whether Plaintiff Derek Ware first acquired actual knowledge of the Loan in late 2004, as the Plaintiffs contend, or as early as 2001, as the Defendants contend.

Ware claims that he first learned of the Loan late in 2004 pursuant to a conversation with Royce White, a CPA employed by Fishman & Company. (Ware Dep. at 93-95.) The Defendant Fishman claims that he told Ware about the Loan before it was made (Fishman Dep. at 116-19, 132-33, 138), and that Ware received account and financial statements and received and signed tax forms[1] that gave him knowledge of the Loan. (Fishman Dep. at 256; Def.'s Br. in Opp'n to Pls.' Mot. for Partial Summ. J., at 6-11.) Ware contends that he did not know how to read an account statement (Ware Dep. at 95), and did not read any of the Form 5500s before signing. (Ware Dep. at 135-37; Pls.' Reply Br. in Supp. or Pls.' Mot. for Partial Summ. J., at 7-13.) Ware also states, and the Court recognized above as fact, that the Form 5500s contained false information. The parties disagree on whether Ware acquired actual notice in late 2004 or as early as February 2001. Factual questions

---

[1] Ware received the IRS Form 1099s but did not sign them. The IRS Form 1099s for years 2001 and 2002, despite the previously mentioned attempt to conceal the Loan, do show interest paid by Domestic Mortgage to the Plan on the Loan. Ware did sign the Form 5500s.

underlying the limitations issue should be determined by finder of fact. See, e.g., Smith, 5 F.3d at 494.

For the purposes of this Motion, the Court will assume that Ware acquired actual notice in February 2001. Thus, the statute of limitations would typically begin to run continuously from this date until the plaintiff filed suit. However, there is an equitable tolling doctrine that is read into every federal statute of limitations, which may halt the statute of limitations while the defendant conceals his bad behavior. See Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). The Court should look to the relevant statute for guidance in determining whether equitable tolling is appropriate. Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). The ERISA limitations period may be equitably tolled when a defendant acknowledges its liability and assures payment so long as the plaintiff remains patient. See Hawaii Teamsters & Allied Workers, Local 996 v. City Express, Inc., 751 F. Supp. 1426, 1431 (D. Hawaii 1990). The plaintiff bears the burden of showing that extraordinary circumstances exist warranting equitable tolling of the statute of limitations. Arce, 434 F.3d at 1261.

Sometime in 2005, Fishman represented to Ware that he would be repaid in full if he would give Fishman more time and not join in one or more lawsuits filed against Fishman and Domestic Mortgage by other individuals and/or entities who were also owed money. (Ware Dep. at 130-31.) Ware was persuaded not to join those lawsuits

against Fishman and to give him more time to repay the money. (Ware Dep. at 131.) In June 2007, Fishman told Ware that he would have to wait until 2008 for the payment. (Id.) Because of the large amount of money owed to the Plan and D.E.W. Plumbing, Ware felt that he had to acquiesce to Fishman's delaying tactics. (Id.) In August 2008, Fishman repaid $10,000 to D.E.W. Plumbing, but he paid nothing to the Plan. (Ware Dep. at 132.) In January 2009, Fishman still acknowledged the debt owed to the Plan and continued to dangle the possibility of repayment to dissuade Ware from taking legal action to recover the Plan assets. (Fishman Dep. at 195.). Ware testified that Fishman made representations that he would repay the Plan beginning in 2005, and continued to enforce these representations until January 2009. This may be enough to toll the statute of limitations. However, because the Plaintiffs raised this argument for the first time in their Reply Brief, the Court declines to resolve the issue on summary judgment.

## IV. Conclusion

For the reasons set forth above, the Plaintiffs' Motion for Partial Summary Judgment [Doc. 69] is DENIED. The parties are directed to submit a joint pretrial order within 28 days from the docketing of this Order.

SO ORDERED, this 3 day of July, 2012.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge